**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Topside, Inc., a Minnesota Corporation,

Plaintiff,

v.

Topside Roofing and Siding Construction Inc., a Minnesota Corporation, Berry Allen Willis, individually, Jeffery A. Mason, individually, and John Doe I through V, yet unnamed individuals,

Defendants,

and

Topside Roofing and Siding Construction Inc., a Minnesota Corporation, and Berry Allen Willis,

Third-Party Plaintiffs,

v.

Topside, Inc., US West, and the State of Minnesota,

Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-0038 ADM/AJB

---

Berry Allen Willis, pro se, for and on behalf of the Defendants/Third-Party Plaintiffs Topside Roofing and Siding Construction Inc.

Malcolm D. MacGregor, Esq., Stapleton, Nolan, MacGregor & Thompson, Saint Paul, MN, for and on behalf of the Plaintiff/Third-Party Defendants.



FILED 4-23-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 4-23-01
DEPUTY CLERK

Christie B. Eller, Esq., Assistant Minnesota Attorney General, for and on behalf of Third-Party Defendant State of Minnesota.

Roberto Anguizola, Esq., Dorsey & Whitney LLP, Minneapolis, MN, for and on behalf of Third-Party Defendant US West (now Qwest).

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff/Third-Party Defendant Topside, Inc.'s Motion to Remand [Doc. No. 5], Defendant State of Minnesota's Motion to Remand [Doc. No. 8], and Defendant US West's Motion to Remand [Doc. No. 2]. For the reasons set forth below, the motions are granted and the case is remanded to Minnesota State Court.

## II. BACKGROUND

### A. Parties

Plaintiff/Third-Party Defendant Topside, Inc. ("Topside") is a Minnesota corporation incorporated on October 16, 1980. Compl. ¶ 6. Defendant/Third-Party Plaintiff Topside Roofing and Siding Construction Inc. ("TRSC"), was incorporated in Minnesota on May 5, 1999. Willis Answer ¶ 6. Defendant/Third-Party Plaintiff Berry Allen Willis ("Willis") is an owner and incorporator of TRSC. Notice of Removal Attach.[1] Defendant Jeffery A. Mason ("Mason") is a co-incorporator of TRSC.[2] *Id.* Third-Party Defendant US West is now known as Qwest ("Qwest"). The final Third-Party Defendant is the State of Minnesota ("the State").

---

[1]This citation signifies a document attached to the current Notice of Removal. [Doc. No 1]. Unfortunately, the attachments were not further lettered or numbered for easy citation.

[2]There is little evidence before the Court of what involvement, if any, Mason has had in the proceedings.

**B. Facts**

On July 29, 1999, Topside brought claims against Willis, Mason and TRSC in Hennepin County Court for using the name "Topside" in their business activities. Compl. Topside asserted violations of the Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.44(1), and section 43(A) of the Lanham Act, 15 U.S.C. § 1125. On August 17, 1999 Willis and TRSC filed their answer and alleged counterclaims against Topside for violations of the MDTPA and the Lanham Act. Notice of Removal Attach. At this time, Willis and TRSC were represented by a licensed attorney. *Id.* On September 17, 1999, Willis/TRSC's attorney filed a Notice of Withdrawal of Counsel. *Id.*

In early October of 1999, Willis and TRSC, acting pro se, filed another counterclaim, adding Qwest and the State as defendants and alleging various civil rights, constitutional and trademark claims. *Id.* On October 14, 1999, Willis removed the case to U.S. District Court. *Id.* On December 17, 1999, Judge Paul A. Magnuson granted Topside's Motion to Remand, returning the case to state court on the grounds that the notice of removal was filed more than 30 days after receiving the complaint. MacGregor Aff. Ex. A. The Eighth Circuit subsequently dismissed Willis and TRSC's appeal of the remand as well as the Petition for Rehearing. *Id.* Ex. B, C.

Again in state court, on April 4, 2000, Hennepin County Judge Franklin J. Knoll granted Topside's Motion for a Temporary Injunction enjoining Willis and TRSC from using the name "Topside". *Id.* Ex. D. The court also granted Topside's motion to prevent Willis, who is not a licensed attorney, from representing TRSC, a corporation, in the proceedings. *Id.* On September 27, 2000, Judge Knoll dismissed Willis/TRSC's crossclaims against Qwest and ordered that

Willis/TRSC comply with Topside's discovery requests and that Willis submit to a deposition. Anguizola Aff. Ex. 4.

On November 7, 2000, after Willis and TRSC failed to comply with this Order, Judge Knoll struck all of Willis/TRSC's pleadings pursuant to Rule 37.02(b)(3) of the Minnesota Rules of Civil Procedure. MacGregor Aff. Ex. E ¶¶ 1-3. Accordingly, the court entered default judgment[3] against Willis/TRSC on Topside's claims and instituted a permanent injunction against Willis and TRSC from using the Topside name. *Id.* Ex. E ¶¶ 4-5. All of Willis/TRSC's claims against all Third-Party Defendants were dismissed. *Id.* Ex. E ¶¶ 6-8. In conclusion, the court noted that all claims had been disposed of with the exception of those against Defendant Mason. *Id.* Ex. E at 5.

Soon thereafter, Willis moved to remove Judge Knoll from the proceedings. Anguizola Aff. Ex. 5. The motion was denied as moot by Hennepin County Chief Judge Kevin S. Burke after Knoll recused himself on November 21, 2000. *Id.* Ex. 5. The remaining portion of the case was assigned to Judge Pamela G. Alexander of Hennepin County. *Id.* Ex. 5. Judge Alexander awarded Topside $26,125.25 in attorneys fees on January 10, 2001, which Order was "made part of the judgment entered in this matter." MacGregor Aff. Ex. F at 2.

However, one day earlier, on January 9, 2001, Willis had filed the present Notice of Removal [Doc. No. 1] to once again remove the case to federal court. Although rambling and confusing, the Notice of Removal apparently bases removal jurisdiction on federal question jurisdiction. The document reads as if it is also a complaint:

---

[3]The court also noted that Willis returned to the court the Court Orders of April and September that had been mailed to him. Willis wrote on the envelopes that the court lacked jurisdiction over him. *Id.* Ex. E at 4.

> The Petitioner Berry Allen Willis claims that he can not force his constitutional protected rights, privileges and/or immunities that are secured by the United States Constitution and law in Hennepin County District Court. Stating that the court abused their discretion by unlawful enforcement by Judge Franklin Knoll that infringed in the Petitioners' constitutional rights to a fair trial in Hennepin County District Court and hereby moves for a civil Petition to the United States Federal Court pursuant to 28 §§ U.S.C. 1343, 1443.

(sic). Since filing his Notice, Willis has filed various documents in federal court, alleging various constitutional violations, seeking to disbar attorneys, asking for injunctions against the state court judgment, and requesting subpoenas for various individuals. [Doc. Nos. 12, 16, 17, 18, 20, 21].

## III. DISCUSSION

The Motions to Remand allege that Willis' removal of the case to this Court was faulty for numerous reasons. As the party that has removed the action to federal court and the party that opposes remand, the burden is on Willis and TRSC to establish federal subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 182-83 (8th Cir. 1993) (per curiam). Furthermore, all doubts about the appropriateness of removal should be resolved in favor of remand. *Id.*

### A. Willis' Representation of TRSC Pro Se

As an initial matter, Willis cannot represent TRSC in this Court. A corporation cannot be represented in legal matters by an unlicensed attorney. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753, 754 (Minn. 1992); *see* 28 U.S.C. § 1446. This rule applies regardless of whether the individual is the corporation's sole owner or shareholder. *See Simitar Entm't, Inc. v. Silva Entm't*, 44 F.Supp.2d 986, 990 (D. Minn. 1999); *Cary & Co. v. F.E. Satterlee & Co.*, 208 N.W.

408 (Minn. 1926). As a non-attorney, Willis cannot represent TRSC. The removal petition is thus inoperative regarding TRSC. *See Akra*, 86 F.3d at 857; *Simitar*, 44 F.Supp. 2d at 990.

Generally, all defendants must consent to a removal petition to effect proper removal. *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988); 28 U.S.C. § 1441. As a result, the Notice of Removal is defective because TRSC cannot agree to removal without representation by a licensed attorney. *See Codapro Corp. v. Wilson*, 997 F.Supp. 322, 326 (E.D.N.Y. 1998). The Motions to Remand are granted.

**B. Tardiness of the Notice of Removal**

In addition, Willis/TRSC's Notice of Removal is untimely. A defendant has thirty days to initiate removal from the time of receipt of service of the pleadings. 28 U.S.C. § 1446(b); *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Once this time period has passed, the litigation cannot be removed from state court, regardless of whether the claims could have been removed originally. *Sanborn Plastics v. St. Paul Fire and Marine Ins.*, 753 F.Supp. 660, 664 (N.D. Ohio 1990); *see* 28 U.S.C. § 1446(b).

Willis previously had removed the litigation to federal court on October 14, 1999. Anguizola Aff. Ex. 2. The case was remanded back to state court because Willis initiated removal outside the 30-day removal period. *Id.* Ex. 2. The most recent Notice of Removal is no less tardy than the first. Willis and TRSC had notice of the suit at least by August 19, 1999, when they filed their answer to Topside's Complaint in state court. *Id.* Ex. 2. The Notice of Removal presently before the Court was filed January 9, 2001, well over a year from this date. [Doc. No. 1]. As a result, the removal is defective and remand to state court is proper.

**C. Willis/TRSC Cannot Remove on the Basis of Their Own Claims**

This result is in no way affected by the recent counter-claims asserted by Willis and TRSC. The Notice of Removal avers that federal jurisdiction is based upon Willis/TRSC's civil rights counterclaims against the State and apparently, Judge Knoll. [Doc. No. 1]. While federal removal may only be sought by state court defendants, 28 U.S.C. § 1446(a), defendants cannot remove a case to federal court based upon federal counterclaims or cross-claims asserted by them against a plaintiff or a third-party defendant. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998); *Shannon v. Shannon*, 965 F.2d 542, 545-46 (7th Cir. 1992). Thus, this Court cannot assert removal jurisdiction over this action. *See Shannon*, 965 F.2d at 545-46. The entire action is remanded to state court.

**IV. CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

The Motions to Remand [Doc. Nos. 2, 5, 8] are **GRANTED**. The litigation is remanded to state court.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995